Raphael *v.* Western Penna. Amusement Co. et al. Appellants.

148

Argued April 26, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Martin Silverman,* for appellants.

*Maurice Finkelhor,* and with him *Leonard S. Levin,* for appellee.

Per Curiam, May 4, 1934:

Appellants were claimants below in certain sheriff's interpleader proceedings and the only question involved upon their appeal is whether the court below erred in refusing to approve the bonds proffered by them under the provisions of Section 2 of the Act of June 22, 1931, P. L. 883, 12 PS 2359.

The circumstances giving rise to the inquiry were these: Raphael Electric Company obtained a judgment

against Western Pennsylvania Amusement Company at No. 2742 July Term, 1930, of the court below and issued a Fi.Fa. thereon to No. 785 April Term, 1933. The sheriff levied upon the goods and chattels in two theatres operated by the defendant in the execution— Braddock Theatre, located in the Borough of Braddock, and Avenue Cinema Theatre, 809 Liberty Avenue, Pittsburgh.

Thereupon, George F. Callahan, a director of the amusement company, Mayer Silverman, secretary of that company, Louis Schwartz, another director, and Liberty Film Renting Company notified the sheriff that the goods and chattels upon which he had levied belonged to them.

With respect to the personal property in the Braddock Theatre, Callahan claimed it had been sold to him by the amusement company under a bill of sale dated March 18, 1932; that on April 2, 1932, he had leased it back to the amusement company; and that on December 27, 1932, that company, with his consent, assigned all its right, title and interest under the lease to Silverman and Schwartz. As to the personalty levied upon in the Avenue Cinema Theatre, Callahan claimed all of it, under a similar bill of sale, except two Simplex Mechanisms; these were claimed by Silverman trading as Liberty Film Renting Company.

The sheriff's rules upon the claimants to show cause why issues should not be framed were made absolute and claimants' statements were filed. At the instance of counsel for claimants, Moore, J., of the court below, made an order, under date of April 28, 1933, authorizing the giving of but one bond and fixing the amount thereof at $4,500.

A bond in that amount, executed by Silverman and Callahan as principals and one Ralph Rafael as surety, was proffered and its approval referred to the prothonotary. That officer took no action thereon, but

properly referred the question of its approval to the court below. The act provides that the bond shall be given to the Commonwealth "with security to be approved by [the] court, or a judge thereof."

In justification of Ralph Rafael as surety it was stated he owned real estate assessed at $14,500, subject to a mortgage of $10,000. Counsel for the levying creditor objected to his sufficiency upon the ground that the date of the maturity of the mortgage had admittedly passed.

One George Bonder, owning property assessed at $9,200 and subject to a mortgage of $4,300, was then proposed as an additional surety and objected to for the same reason. John R. Charlesworth, the owner of three unimproved lots, assessed at $3,850, was also offered and objected to because his property was unimproved. Although Callahan seems to have an equity in real estate larger than the amount of the bond, the objection was made that he was a party claimant and by reason of his involved interest in the litigation could not be considered a proper surety within the meaning of the statute.

The court below sustained the objections, refused to approve the bonds, and on July 3, 1933, directed the sheriff to proceed with the execution. It is stated in the opinion of the court below that counsel for the claimants were advised by the court ten days prior to the date of this order that the bonds would not be approved and the time for giving a bond with a satisfactory surety was extended to June 29, 1933.

We think the matter of approving or refusing to approve the bond required by the statute has been committed by the legislature to the sound discretion of the proper court. Upon a review of this record we are not convinced that the court below has been guilty of an abuse of the discretion vested in it.

Appeal dismissed.